IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TAKAYUJKI HIROTO, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:24-CV-00045-ALM-AGD |
| v. | § | |
| | § | |
| LASHUNDA SMITH, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
<u>**OF UNITED STATES MAGISTRATE JUDGE**</u>

Pending before the court is Plaintiff Takayujki Hiroto's Motion to Remand Proceeding (Dkt. #9). After reviewing the Motion, Defendant Lashunda Smith's Response (Dkt. #11), and all other relevant filings, the court recommends that the Motion to Remand (Dkt. #9) be **GRANTED**.

**BACKGROUND**

On September 1, 2023, Defendant Lashunda Smith entered into a written lease agreement with Plaintiff Takayujki Hiroto (the "Lease") (Dkt. #9 at p. 1). Defendant subsequently "fell behind on her rental payments," and on December 11, 2023, Plaintiff mailed Defendant a notice to vacate the property (Dkt. #9 at p. 2). On December 19, 2023, Plaintiff filed a forcible detainer action against Defendant in the Justice Court of Precinct 3 of Collin County, Texas (Dkt. #9 at p. 2). A jury trial was scheduled for January 29, 2024 (Dkt. #9 at p. 2). On January 17, 2024, Defendant removed the case to the Eastern District of Texas, Sherman Division alleging that the court has jurisdiction pursuant to "§§ 1331,1441, and 1446" and "violations of federal law, including the Fair Housing Act, ADA, and constitutional rights (due process and equal protection under the Fourteenth Amendment)." (Dkt. #1 at p. 1). In the caption of Plaintiff's Notice of Removal, she designates herself as "Defendant" but includes "Open House Texas Realty, Open House Property

Management LLC, & its employees (collectively), the City of Plano, and Texas Women's Foundation" as plaintiffs along with Plaintiff Smith (Dkt. #1 at p. 1). On January 25, 2024, Plaintiff filed a timely Motion to Remand, arguing that the court does not have diversity or federal jurisdiction and that Defendant's removal "seems to be nothing more than. . . a bad faith attempt by Defendants to delay the eviction process." (Dkt. #9 at p. 7). On January 30, 2024, Defendant filed a Response, arguing that "this case involves significant federal issues." (Dkt. #11 at p. 1). The same day, Defendant filed two counterclaims (Dkt. #12; Dkt. #13). The first included the following description of the parties:

> Plaintiff, LASHUNDA SMITH, is an individual residing at 3816 Deep Valley Trl, in Plano, Texas, and is a protected party under the ADA, Title V, the Civil Rights Act of 1968, and the Federal Fair Housing Act of 1968. Defendant, Takayuki Hiroto ET AL, is a property management company operating in Plano, Texas, and is subject to federal laws governing landlord-tenant relationships, including the ADA, Title V, the Civil Rights Act of 1968, and the Federal Fair Housing Act of 1968.

(Dkt. #12 at p. 1). In the second counterclaim, Defendant attempts to name the City of Plano and the Texas Muslin Women's Foundation as additional counter-defendants (Dkt. #13 at p. 2). To date, none of the purported additional parties have been served. On March 22, 2024, Plaintiff filed an Answer to Defendant's counterclaim, again asserting that the court does not have subject-matter jurisdiction (Dkt. #16).

## LEGAL STANDARD

### *Subject Matter Jurisdiction*

"Subject matter jurisdiction is essential for the federal judiciary to hear a case." *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020). Indeed, federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Under the federal rules, the court must dismiss the case if there is no subject matter

jurisdiction. FED. R. CIV. P. 12(h)(3). Broadly, a federal court has subject matter jurisdiction over cases arising under federal law or cases where the parties are diverse and the amount in controversy exceeds $75,000. U.S. CONST. art. III, § 2, cl. 1; 28 U.S.C. §§ 1331, 1332.

Federal question jurisdiction exists when a case or controversy arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 543, 551 (5th Cir. 2008). A defense which raises a federal question or that is based on federal law is insufficient to establish subject matter jurisdiction. *See e.g., Caterpillar v. Williams*, 482 U.S. 386 (1987); *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009) ("[A] suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of actions shows that it is based upon [federal law]'. . . Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *Constant v. Webre*, No. 07-3042, 2008 WL 4330251, at *2 (E. D. La. Sept. 15, 2008) (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

A federal court also has subject matter jurisdiction over cases where the parties are completely diverse and where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. For complete diversity to exist, the plaintiff must be a citizen of a different state than each defendant.

*The Lamar Co., L.L.C.*, 976 F.3d at 530. A plaintiff must make "clear, distinct, and precise affirmative jurisdictional allegations" in their pleadings, including the citizenship of each party. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313–14 (5th Cir. 2019)

***Removal and Remand***

When questions of federal jurisdiction arise, a federal court must presume that a suit falls outside its jurisdiction, because the jurisdiction of federal courts is limited. *See Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). 28 U.S.C. § 1441(a) allows for the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). In an action that has been removed from state court, the removing party bears the burden of establishing federal jurisdiction. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000). Moreover, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

## ANALYSIS

Because the court finds that it does not have subject-matter jurisdiction, the court recommends that Plaintiff's Motion to Remand (Dkt. #9) be granted.

***Federal Question Jurisdiction***

Generally, "jurisdiction is determined by examining the plaintiff's complaint at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260, n. 8 (5th Cir. 1995). Here, the face of Plaintiff's state court petition did not raise a federal question at the time Defendant filed her Notice of Removal (Dkt. #1, Exhibit 1). Instead, Plaintiff brought a forcible detainer action in

REPORT AND RECOMMENDATION – Page 4

state court, which is strictly a matter of state law. *JP Morgan Chase Bank v. Polydore*, No. 4:07CV485, 2007 WL 4146659, at *2 (E.D. Tex. Nov. 19, 2007) (citing Tex. Prop. Code Ann. § 34.001). As such, the court does not have federal question jurisdiction because Plaintiff did not raise a federal issue on the face of his well-pleaded complaint.

Defendant's purported counterclaims also do not give rise to federal question jurisdiction. Because the federal question must be present on the face of the plaintiff's well-pleaded complaint, "[i]t is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326–27 (5th Cir. 1998). Moreover, "the defendant's third-party claim alleging a federal question does not come within the purview of § 1441 removability." *Id.* at 327. This is because "[t]he third-party claim, like a defense or counterclaim, is a pleading by the defendant. The third-party claim does not change the character of the plaintiff's complaint any more than does the defendant's other pleadings." *Id.* Accordingly, because Plaintiff did not allege a federal question in his Petition, the court does not have subject-matter jurisdiction pursuant to a federal question.

***Diversity Jurisdiction***

Additionally, the court does not have diversity jurisdiction. At the time Defendant filed her Notice of Removal, the only named parties were Plaintiff Takayujki Hiroto and Defendant Lashunda Smith (Dkt. #1). "The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction; and if the diversity jurisdiction is properly challenged, that party also bears the burden of proof." *Gilmore-Webster v. Bayou City Homebuyers, Inc.*, 845 F. App'x 329, 332 (5th Cir. 2021) (citation omitted). Here, no party alleges the citizenship of the parties. Defendant's Notice of Removal only states that "Defendant further asserts diversity jurisdiction, as the parties are diverse, and the amount in controversy exceeds the jurisdictional threshold."

(Dkt. #1 at p. 1). Moreover, a review of the record reveals that Plaintiff Takayujki Hiroto and Defendant Lashunda Smith are likely both citizens of Texas. *See id.* (cleaned up) (explaining that the court may "overlook a party's failure to plead diversity if a party can identify allegations and evidence in the record demonstrating diversity"). In her counterclaim, Lashunda Smith alleges that she resides in Plano, Texas, and that Takayujki Hiroto is a property management company operating in Plano, Texas (Dkt. #12 at p. 1). Accordingly, because the parties are not diverse, the court does not have diversity jurisdiction.[1]

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that Plaintiff Takayujki Hiroto's Motion to Remand (Dkt. #9) be **GRANTED** and that the instant lawsuit be **REMANDED** to the Justice of the Peace Court, Precinct 3, Place 1, Collin County, Texas. The court further recommends that Defendant's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. #4), Motion to Appoint Counsel (Dkt. #6), and Motion to Change From Jury Trial to Bench Trial (Dkt. #15) be **DENIED** as moot.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

---

[1] Because the court finds that the parties are not diverse, it does not address the amount in controversy.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 20th day of August, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE